B1040 (FORM 1040) (12/24)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |

| **PLAINTIFFS**<br>Thomas D. Richardson, Trustee in Bankruptcy for Andy Claude Thomas | **DEFENDANTS**<br>Natalie Wynter Thomas |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Brinson Askew Berry, LLP<br>P.O. Box 5007<br>Rome, GA 30162-5007      706-291-8853 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Avoid Transfer of Property pursuant to 11 U.S.C. Sections 548, 550 and 551.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 55,900.00 |
| **Other Relief Sought**<br>Avoidance of transfer of real property. | |

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Andy Claude Thomas || BANKRUPTCY CASE NO.<br>24-41349 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Georgia || DIVISION OFFICE<br>Rome Division | NAME OF JUDGE<br>Barbara Ellis-Monro |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ Thos D. Ri*  ||||
| DATE<br>4/30/2025 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Thomas D. Richardson ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: | : CHAPTER 7 |
| | : |
| ANDY CLAUDE THOMAS, | : CASE NO. 24-41349BEM |
| | : |
| Debtor. | : (HONORABLE BARBARA ELLIS-MONRO) |
| | : |
| THOMAS D. RICHARDSON, | : ADVERSARY PROCEEDING |
| Trustee in Bankruptcy for Andy Claude Thomas, | : |
| | : NO. _____ |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| NATALIE WYNTER THOMAS, | : |
| | : |
| Defendant. | : |

**COMPLAINT TO AVOID TRANSFER OF PROPERTY
OF THE ESTATE AND FOR DAMAGES**

COMES NOW the Plaintiff, Thomas D. Richardson, Trustee ("Trustee") in the above entitled bankruptcy matter of Andy Claude Thomas ("Debtor"), by and through his attorneys, and respectfully shows the Court the following:

**Jurisdiction and Venue**

1.

This is an adversary proceeding brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 548, 550, and 551.

2.

This adversary proceeding arises in and relates to the case of *In re Andy Claude Thomas and Amy Michelle Thomas,* Chapter 7 Case No. 24-41349BEM pending in the United States Bankruptcy Court for the Northern District of Georgia, Rome Division.

1447689.1

3.

This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (H).

4.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (H) in that it arises in and relates to matters concerning the administration of the estate and proceedings to determine, avoid, and recover a fraudulent conveyance in the bankruptcy case of the Debtor, Case No. 24-41349BEM.

5.

Venue is proper in this Court pursuant to 28 U.S.C. §1409.

**The Parties**

6.

Plaintiff, Thomas D. Richardson, is the duly appointed, qualified and acting Chapter 7 Trustee in this Bankruptcy matter.

7.

The Defendant Natalie Wynter Thomas is an adult, and upon information and belief, resides at, and maintains her dwelling house at, 586 Hammond Road, SE, Calhoun, Gordon County, Georgia 30701, and she may be served by first-class mail, postage-prepaid to the above address.

**The Petition**

8.

On September 9, 2024, the Debtor Andy Claude Thomas filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and said case was assigned Case No. 24-41349BEM.

2

1447689.1

**Trustee's Strong Arm Powers**

9.

Pursuant to 11 U.S.C. § 544(a), the Trustee is given the rights and powers of a hypothetical judicial lien creditor or a hypothetical bona-fide purchaser of real property at the time of the commencement of the case.

**Facts**

10.

Debtor and Defendant were married on June 26, 2009.

11.

By Joint Tenancy with Survivorship Limited Warranty Deed dated October 22, 2020 recorded November 2, 2020 in the Gordon County, Georgia Deed Records, Book 2393, Page 133, Debtor and Defendant Natalie Wynter Thomas acquired an interest in property commonly known as 1281 Love Bridge Road, SE, Calhoun, Gordon County, Georgia ("Property") from William Stan Duncan and Susan K. Ducan (collectively "Sellers").

12.

Debtor and Defendant paid $395,000.00 for the Property.

13.

At the time Debtor and Defendant acquired title to the Property, Debtor and Defendant executed a Promissory Note in the amount of $365,000.00 ("Note") and a Security Deed ("Security Deed"). The Security Deed was executed to secure the Note with the Property.

14.

Debtor and Defendant separated on or about July 6, 2022, and shortly thereafter, Defendant Natalie Wynter Thomas filed a divorce proceeding against Debtor in the Superior Court of Gordon

1447689.1

3

County, Georgia, Civil Action No. 22-CV-72480, and a Final Judgment and Decree of Divorce was entered November 22, 2022 ("Divorce Decree"). The Divorce Decree incorporated the terms of a Settlement Agreement with Parenting Plan and Child Support Addendum filed with the Superior Court on November 15, 2022 reached by the consent of the parties ("Settlement Agreement").

15.

Under the terms of the Settlement Agreement, the Property was awarded to Defendant and Defendant was directed to assume the payment of the Security Deed or any other line of credit outstanding on the Property.

16.

By Quitclaim Deed dated November 15, 2022, Debtor transferred his interest in the Property to Defendant Natalie Wynter Thomas, which said instrument is recorded November 15, 2022 in the Gordon County, Georgia Deed Records, Book 2653, Page 480 ("Transfer"). A true and correct copy of the Quitclaim Deed is attached hereto as Exhibit "A" and incorporated herein by specific reference.

17.

The PT-61 Form filed in the Deed Records of Gordon County, Georgia reflects $0.00 consideration for the Transfer noting "Divorce Based Transfer."

18.

Twenty-two (22) days after the Transfer, Defendant caused the Property to be listed for sale on December 7, 2022 on the FMLS and Georgia MLS through Miranda Ross with Keller Willams Realty Partners. The original list price for the Property was $550,000.00.

4

1447689.1

19.

On or about December 28, 2022, the list price for the Property on the FMLS and Georgia MLS was reduced to $540,000.00.

20.

Eighty-three (83) days after first listing the Property, the Property sold for $520,000.00, and a true and correct copy of the Joint Tenancy with Survivorship Warranty Deed conveying the Property from Defendant to the Purchaser Steven Logan Whitmire and Nancy Jeanette Blalock recorded in Gordon County, Georgia Deed Records, Book 2672, Page 254 is attached hereto as Exhibit "B" and incorporated herein by specific reference. A true and correct copy of the PT-61 Form associated with the sale of the Property from Defendant to Steven Logan Whitmire and Nancy Jeanette Blalock, PT-61 064-2023-000446 is attached hereto as Exhibit "C" and incorporated herein by specific reference.

21.

On the date of the Transfer of the Property from Debtor to Defendant, Debtor owed debts, including, but not limited to, debts to at least one of the creditors listed in Debtor's bankruptcy Schedules filed herein on September 11, 2024 (Doc. 1), and later amended.

22.

Included as a debt owing by Debtor on the date of the Transfer was a student loan debt owing to Sally Mae (serviced by Aidvantage) opened 3/21.

23.

Included as a debt owing by Debtor on the date of the Transfer was a student loan debt owing to Sally Mae (serviced by Aidvantage) opened 12/21.

5

1447689.1

24.

Included as a debt owing by Debtor on the date of the Transfer was an undersecured debt owing to Coosa Valley Credit Union noted in Schedule D 2.2 as being a debt in the amount of $12,256.00 secured by a 2013 Ford F-150 Truck with 240,000 miles valued at $8,355.00 Doc. 42, pg. 18. Debtor's Statement of Intent filed in the case reflects Debtor's intent to surrender the Ford Truck, and a Consent Order was entered April 7, 2025 (Doc. 53) granting Coosa Valley Credit Union's Motion for Relief from Stay as to the Ford Truck.

25.

On the date of the Transfer of the Property by Debtor to Defendant, the sum of Debtor's debts was greater than all of Debtor's assets, at a fair valuation.

26.

Upon information and belief, on the date that the Transfer of the Property was made, Debtor was insolvent or became insolvent as the result of such Transfer.

27.

Upon information and belief, on the date that the Transfer of the Property was made, Debtor was engaged in business or a transaction, or was about to engage in a business or a transaction for which any property remaining with the Debtor was an unreasonably small capital.

28.

Upon information and belief, on the date that the Transfer of the Property was made, Debtor intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

1447689.1

29.

Upon information and belief, on the date that the Transfer of the Property was made, Debtor received less than a reasonably equivalent value in exchange for such Transfer.

30.

As a result of the Transfer of the Property by Debtor to Defendant, the bankruptcy estate has been damaged in an amount no less than $55,900.00, representing the value of the Property on the date it was transferred to Defendant ($520,000.00) less a six (6%) percent real estate commission ($31,200.00) less the approximate $365,000.00 debt of Debtor secured by the Property, equaling $123,800.00 (the "Net Equity"), and dividing the Net Equity by 2 (equaling $61,900.00) less $6,000.00 paid to Debtor as consideration, or $55,900.00.

## Count I

(Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(B))

31.

Plaintiff herein realleges Paragraphs 1 through 30 of this Complaint as if repeated verbatim herein.

32.

Debtor received less than a reasonably equivalent value in exchange for the Transfer of his interest in the Property to Defendant.

33.

Upon information and belief, Debtor was insolvent on the date of the Transfer of his interest in the Property to Defendant.

7

1447689.1

34.

As a result of the Transfer of the Debtor's interest in the Property to Defendant, Debtor became insolvent.

35.

At the time of the Transfer by Debtor to Defendant, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

36.

At the time of the Transfer by Debtor to Defendant, Debtor intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

37.

The Transfer of Debtor's interest in the Property to Defendant is a voidable fraudulent transfer pursuant to 11 U.S.C. §548(a)(1)(B).

38.

Defendant is the initial transferees of the Transfer and/or the person for whose benefit the Transfer was made.

WHEREFORE, Plaintiff Thomas D. Richardson, Trustee in bankruptcy for Andy Claude Thomas demands judgment as follows:

(a) for determination by the Court that the Transfer by Debtor of his interest in the Property to Defendant Natalie Wynter Thomas was a fraudulent transfer under 11 U.S.C. §548(a)(1)(B);

1447689.1

(b) for an Order from the Court voiding the Transfer of Property to the Defendant and preserving the voided transfer for the benefit of the bankruptcy estate of Debtor pursuant to 11 U.S.C. §551;

(c) for judgment against the Defendant in the amount of $55,900.00, that being the net value to Debtor for his one-half interest in the Property transferred by Debtor to Defendant Natalie Wynter Thomas, together with interest, costs, and attorney's fees; and

(d) for such other and further relief as the Court deems just and proper under the premises.

BRINSON ASKEW BERRY, LLP

_____
THOMAS D. RICHARDSON
Georgia Bar No. 604313
Attorneys for Thomas D. Richardson, Trustee in bankruptcy
for the estate of Andy Claude Thomas

P. O. Box 5007
Rome, GA 30162-5007
(706) 291-8853
trichardson@brinson-askew.com

9

1447689.1

```
Recorded 11/15/2022 3:05
Doc: QCD Rcpt#: 359700
TRANSFER TAX ID: 0642022003038
Grant Walraven, C.S.C.
GORDON County, Ga
DEED Bk: 2653  Pg: 480
```

Return Recorded Document to:
Vaughn & Clements, P.C.
109 W. Hicks St.
Calhoun, Georgia 30701

## QUITCLAIM DEED

No Title Opinion-Deed Preparation Only

**STATE OF GEORGIA**
**COUNTY OF GORDON**

THIS INDENTURE, Made the 15th day of November 2022, between **ANDY C. THOMAS** as party or parties of the first part, hereinafter called Grantor, and **NATALIE WYNTER THOMAS** as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

**WITNESSETH** that: Grantor, for and in consideration of the sum of one dollar ($1.00) and other valuable considerations in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, by these presents does hereby remise, convey and forever **QUITCLAIM** unto the said Grantee,

ALL THAT TRACT OR PARCEL OF LAND lying and being in Land Lots 185 and 212 of the 7th District and 3rd Section of Gordon County, Georgia and being 5.0 acres as shown by plat thereof prepared for PFW Properties Inc. & Gregory Weaver, by Jerry Lambert, G.R.L.S. #2147 and being recorded at Plat Book 31, Page 35, Gordon County, Georgia Records, which plat by reference is incorporated herein and made a part hereof for a more complete description of the property conveyed.

Property address: 1281 Love Bridge Road SE, Calhoun, Gordon County, Georgia 30701

TO HAVE AND TO HOLD the said described premises to grantee, so that neither grantor nor any person or persons claiming under grantor shall at any time, by any means or ways, have, claim or demand any right to title to said premises or appurtenances, or any rights thereof.

IN WITNESS WHEREOF, the Grantor has signed and sealed this deed, the day and year first above written.

Signed, sealed and delivered in the
presence of:

_____          _Andy C. Thomas_____(Seal)
(Unofficial witness)                      ANDY C. THOMAS

_____
(Notary Public)

EXHIBIT "A"

```
Recorded 03/06/2023 12:29
Doc: WD Rcpt#: 361828
TRANSFER TAX: 520.00
TRANSFER TAX ID: 0642023000446
Grant Walraven, C.S.C.
GORDON County, Ga
DEED Bk: 2672  Pgs: 254-255
```

Return Recorded Document to:
BRUMLOW, CORWIN & DELASHMIT, P.C.
28 BALE STREET
ROME, GA 30165
File #: WHIT0223

STATE OF GEORGIA,

COUNTY OF GORDON

## JOINT TENANCY WITH SURVIVORSHIP
## **WARRANTY DEED**

This Indenture made this 28th day of February, 2023 between **NATALIE WYNTER THOMAS**, as party or parties of the first part, hereinafter called Grantor, and **STEVEN LOGAN WHITMIRE and NANCY JEANETTE BLALOCK**, as joint tenants with survivorship and not as tenants in common as parties of the second part, hereinafter called Grantees (the words "Grantor" and "Grantees" to include their respective heirs, successors and assigns where the context requires or permits).

W I T N E S S E T H that: Grantor, for and in consideration of the sum of TEN AND 00/100'S ($10.00) Dollars and other good and valuable considerations in hand paid at and before the sealing and delivery of these presents, the receipts whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantees, as joint tenants and not as tenants in common, for and during their joint lives, and upon the death of either of them, then to the survivor of them, in fee simple, together with every contingent remainder and right of reversion, and to the heirs and assigns of said survivor, the following described property:

SEE EXHIBIT "A" ATTACHED HERETO AND
MADE A PART HEREOF BY REFERENCE

THIS CONVEYANCE is made subject to all zoning ordinances, easements and restrictions of record affecting said bargained premises.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoove of the said Grantees, as joint tenants and not as tenants in common, for and during their joint lives, and upon the death of either of them, then to the survivor of them in FEE SIMPLE, together with every contingent remainder and right of reversion, and to the heirs and assigns of said survivor.

THIS CONVEYANCE is made pursuant to Official Code of Georgia Section 44-6-190, and it is the intention of the parties hereto to hereby create in Grantees a joint tenancy estate with right of survivorship and not as tenants in common.

AND THE SAID Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons whomsoever.

IN WITNESS WHEREOF, the Grantor has hereunto set grantor's hand and seal this day and year first above written.

Signed, sealed and delivered in the presence of:

_____ /s/ Natalie Wynter Thomas (Seal)
Witness                     NATALIE WYNTER THOMAS

_____
Notary Public

[Notary Seal: JOHN T. CORWIN, NOTARY PUBLIC, FLOYD COUNTY, GEORGIA, MY COMMISSION EXPIRES MAY 19, 2023]

EXHIBIT "B"

| PT-61 (Rev. 2/18) | To be filed in **GORDON COUNTY** | | | PT-61 064-2023-000446 | |
|---|---|---|---|---|---|
| **SECTION A – SELLER'S INFORMATION** (Do not use agent's information) | | | **SECTION C – TAX COMPUTATION** | | |
| SELLER'S LAST NAME THOMAS | FIRST NAME NATALIE | MIDDLE WYNTER | Exempt Code If no exempt code enter NONE | | NONE |
| MAILING ADDRESS (STREET & NUMBER) 445 HALL MEMORIAL RD | | | 1. Actual Value of consideration received by seller Complete Line 1A if actual value unknown | | $520,000.00 |
| CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY CALHOUN, GA 30701 USA | | DATE OF SALE 2/28/2023 | 1A. Estimated fair market value of Real and Personal property | | $0.00 |
| **SECTION B – BUYER'S INFORMATION** (Do not use agent's information) | | | 2. Fair market value of Personal Property only | | $0.00 |
| BUYER'S LAST NAME WHITMIRE | FIRST NAME STEVEN | MIDDLE LOGAN | 3. Amount of liens and encumbrances not removed by transfer | | $0.00 |
| MAILING ADDRESS (Must use buyer's address for tax billing & notice purposes) 1281 LOVEBRIDGE RD | | | 4. Net Taxable Value (Line 1 or 1A less Lines 2 and 3) | | $520,000.00 |
| CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY CALHOUN, GA 30701 USA | | Check Buyers Intended Use ( ) Residential  ( ) Commercial ( ) Agricultural  ( ) Industrial | 5. TAX DUE at .10 per $100 or fraction thereof (Minimum $1.00) | | $520.00 |
| **SECTION D – PROPERTY INFORMATION** (Location of Property (Street, Route, Hwy, etc)) | | | | | |
| HOUSE NUMBER & EXTENSION (ex 265A) 1281 | PRE-DIRECTION, STREET NAME AND TYPE, POST DIRECTION LOVEBRIDGE RD | | | SUITE NUMBER | |
| COUNTY GORDON | CITY (IF APPLICABLE) | | MAP & PARCEL NUMBER 075-106 | ACCOUNT NUMBER | |
| TAX DISTRICT | GMD | LAND DISTRICT | ACRES | LAND LOT | SUB LOT & BLOCK |
| **SECTION E – RECORDING INFORMATION** (Official Use Only) | | | | | |
| DATE | DEED BOOK 2672 | | DEED PAGE 254 | PLAT BOOK | PLAT PAGE |

ADDITIONAL BUYERS
BLALOCK, NANCY JEANETTE

EXHIBIT "C"